IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| RAMON CLARK | : |
| | : |
|     Plaintiff, | : |
| | : Civil Action No.: DKC-422 |
| v. | : |
| | : |
| AMF BOWLING CENTERS, INC. | : |
| | : |
|     Defendant. | : |

# PLAINTIFF'S MOTION FOR SANCTIONS FOR DEFENDANT'S FAILURE TO APPEAR AT RULE 30(b)(6) DEPOSITION

Plaintiff, by and through counsel, Joseph Cammarata, Esquire and Steven H. Kaminski, Esquire and the law firm of Chaikin, Sherman, Cammarata & Siegel, P.C., pursuant to Fed. Civ. R. 37(d), and moves this Court for an Order holding Defendant AMF Bowling Centers, Inc. ("AMF") in default for failing to designate a corporate official for a deposition under Rule 30(b)(6), and for failing to appear for said deposition, and for AMF's complete failure to participate in discovery in this case, and as reasons therefor, hereby states:

    1.    This case arises from an injury that occurred on Defendant AMF's premises in Prince George's County, Maryland. On February 19, 2005, Plaintiff tripped and fell on a broken bowling alley lane. Plaintiff sustained personal injuries due to Defendant's failure to properly maintain and/or discontinue use of the bowling alley lane.

    2.    In a September 11, 2007 telephone conversation, Counsel for Defendant AMF agreed to hold a deposition of Defendant's corporate designee(s) on September 28,

2007.  In anticipation of the deposition, Plaintiff hired a court reporter and sent a Notice of 30(b)(6) Deposition to Defense counsel.  On September 27, 2007, Defense counsel called and left a message that Defendant would not produce a corporate designee the next day.  In a conversation that same day, Defendant's counsel stated that not only would a corporate designee not appear for their duly noted deposition, but he could not provide Plaintiff with a future day he could reasonably expect a corporate designee would be available for deposition.

     3.     In addition to failing to appear for deposition, to date, Defendant AMF has failed to provide executed Answers to Plaintiff's Interrogatories.  Defendant AMF's complete failure to participate in discovery in this case has severely prejudiced Plaintiff's ability to prosecute his case against Defendant.

     4.     For the above-referenced reasons and pursuant to the Rules of this Court, Plaintiff requests that an Order of Default be entered against Defendant AMF and that the Court schedule an *Ex Parte Proof* Hearing to determine Plaintiff's damages.  Defendant AMF should not be allowed to participate in any Hearing on damages.  Further, Plaintiff requests relief, such as attorney's fees and costs, as the Court may feel warranted for Plaintiff's counsel's time drafting the 30(b)(6) Notice, scheduling a court reporter, preparing for the deposition, and any fee incurred for the cancellation of the deposition.

WHEREFORE, Plaintiff moves this Court for an Order of Default against Defendant AMF Bowling Centers, Inc. and that this Honorable Court schedule an *Ex Parte Proof* Hearing at the Court's earliest convenience. Further, Plaintiff requests other relief, such as attorney's fees and costs, as the Court may feel warranted by the circumstances.

>Respectfully submitted,
>
>**CHAIKIN, SHERMAN,**
>  **CAMMARATA & SIEGEL, P.C.**
>
>\_\_/s/_____
>Steven H. Kaminski, Esquire
>Md. Dist. Ct. Bar No. 14543
>The Law Building
>1232 Seventeenth Street, N.W.
>Washington, D.C.  20036
>Attorneys for Plaintiff

## GROUNDS AND AUTHORITIES

1. FED CIV. R. 37;

2. The record herein.

## CERTIFICATE OF GOOD FAITH

Despite the diligent efforts to resolve these discovery disputes, as set forth above, the requested discovery has not been forthcoming.

_____/s/_____
Steven H. Kaminski

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the Plaintiff's Motion for Sanctions for Defendant's Failure to Appear at 30(b)(6) Deposition was served electronically on this 23rd day of October, 2007 to:

Kevin Karpinski, Esquire
Thomas S. Bouchelle, Esquire
Karpinski, Colaresi & Karp
120 East Baltimore Street
Suite 1850
Baltimore, MD 21202
*Counsel for Defendant*

_____/s/_____
Steven H. Kaminski

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| **RAMON CLARK** | : |
| | : |
| **Plaintiff,** | : |
| | : **Civil Action No.: DKC-422** |
| v. | : |
| | : |
| **AMF BOWLING CENTERS, INC.** | : |
| | : |
| **Defendant.** | : |

# ORDER

Upon consideration of the Plaintiff's Motion for Sanctions for Defendant's Failure to Appear at 30(b)(6) Deposition, and any opposition thereto, it is this _____ day of _____, 2007, hereby,

**ORDERED,** that the Motion for Sanctions for Defendant's Failure to Appear at 30(b)(6) Deposition is hereby **GRANTED**; and it is further,

**ORDERED,** that Defendant AMF Bowling Centers, Inc. is hereby held in Default due to its failure to participate in discovery in this matter, and it is further

**ORDERED** that the Clerk shall schedule an *Ex Parte Proof* Hearing; and it is further

**ORDERED** Plaintiff's counsel may submit an affidavit of time and costs for his time and expenses connected with filing this Motion for Sanctions and for Plaintiff's counsel's time and costs associated with Defendant's failure to appear at the 30(b)(6) deposition.

(Continued)

                                          _____
                                          Deborah K. Chasanow
                                          United States District Court  Judge

Copies to:

Joseph Cammarata, Esquire
Steven H. Kaminski, Esquire
Chaikin, Sherman,
 Cammarata & Siegel, P.C.
The Law Building
1232 Seventeenth Street, N.W.
Washington, D.C. 20036

Kevin Karpinski, Esquire
Thomas S. Bouchelle, Esquire
Karpinski, Colaresi & Karp
120 East Baltimore Street
Suite 1850
Baltimore, MD 21202