IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RAMON CLARK | * | |
|    PLAINTIFF | * | |
| v. | * | CIVIL ACTION NO.: DKC 07-422 |
| AMF BOWLING CENTERS, INC. | * | |
|    DEFENDANT | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS FOR DEFENDANT'S FAILURE TO APPEAR AT RULE 30(b)6 DEPOSITION**

AMF BOWLING CENTERS, INC. Defendant, KARPINSKI, COLARESI & KARP by KEVIN B. KARPINSKI and THOMAS S. BOUCHELLE, their attorneys, responds to Plaintiff's Motions for Sanctions pursuant to Rule 30(b)6 and in support thereof states as follows:

1. That as of this date executed Answers to Interrogatories and Defendant's Response to Request for Production of Documents have been provided to Plaintiff counsel.

2. That, while Defendant's counsel contacted Plaintiff's counsel on September 27, 2007, requesting that the Rule 30(b)6 depositions be continued, times and dates were requested for rescheduling that deposition. At that time, Plaintiff was unable or unwilling to provide dates.

3. That on October 24, 2007 the day following receipt of Plaintiff's Motion for Sanctions, defense counsel contacted Steven Kaminski, Plaintiff's co-counsel,

requesting dates for the Rule 30(b)6 depositions of defendant's corporate representatives. Counsel refused to do so and also refused to provide dates for Plaintiff's deposition and the dates for Plaintiff's witnesses' depositions.

4. That this Defendant disagrees with Plaintiff's contention that this Defendant "could not provide Plaintiff with a future date he could reasonably expect a corporate designee would be available for deposition."

That Plaintiff's case has not been prejudiced, in any manner, by Defendant's request for a continuance of the Rule 30(b)6 deposition. In fact, Plaintiff has further delayed the taking of that deposition, when, on October 24, 2007, Plaintiff counsel refused to provide dates for depositions and, in particular, failed to provide a date for Plaintiff which would, most likely, lead to a potential for settlement. Instead, Plaintiff, at that time, advised that he would simply await the outcome of this Motion.

Wherefore, as Plaintiff has not been prejudiced by any delays, Defendant has provided, contemporaneous with this response, dates upon which corporate representatives depositions can be taken and executed Interrogatories have been provided. It is respectfully requested that Plaintiff's Motion for Sanctions be denied.

    KARPINSKI, COLARESI & KARP

BY: _____/s/_____
Thomas S. Bouchelle
120 E. Baltimore Street
Suite 1850
Baltimore, Maryland 21202
(410) 727-5000

# CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of November, 2007, a copy of the foregoing Defendant's Response To Plaintiff's Motion For Sanctions For Defendant's Failure To Appear At Rule 30(b)6 Deposition was filed electronically, with notice to:

Joseph Cammarata, Esquire
Chaikin & Sherman, P.C.
1232 17th Street, N.W.
Washington, D.C. 20036
*Attorneys for Plaintiff*

/s/
Of Counsel for Defendant